UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


FRANCISCO MUNOZ VALDEZ,


v.                                      Case No. 8:04-cr-549-T-17EAJ
                                                 8:07-cv-595-T-17EAJ


UNITED STATES OF AMERICA.

_____


O R D E R

This cause is before the Court on Francisco Munoz Valdez's 28 U.S.C. § 2255

motion to vacate, set aside, or correct an allegedly illegal sentence. (D-CV-1, D-161).[1]  A

review of the record demonstrates that the motion to vacate must be **denied.**

Procedural Background

In November 2004, a grand jury in the Middle District of Florida indicted Francisco

Munoz Valdez and several other men on charges of conspiring to possess five kilograms

or more of cocaine with the intent to distribute it, while on board a vessel subject to the

jurisdiction of the United States, in violation of 46 United States Code App. § 1903(a), (g),

and (j) and 21 United States Code § 960(b)(1)(B)(ii) (Count One), and possessing five

kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject

to the jurisdiction of the United States, in violation of 46 United States Code App. § 1903(a)

and (g), 18 United States Code § 2, and 21 United States Code § 960(b)(1)(B)(ii) (Count

Two). D-1. Valdez pled guilty to both counts without a plea agreement. D-49, 50.

At sentencing, Valdez argued that this Court should reduce his offense level based

---

[1]  References to the criminal case are denoted as "D- and number" and
references to the civil case are denoted as "D-CV and number."

on his mitigating role in the offenses. D-120 at 6-7. The probation officer explained to this Court that Valdez had provided the probation officer with no "information, whatsoever, to substantiate a minor role reduction" even though Valdez "has the burden of proving the facts to substantiate a minor role reduction." D-120 at 7. Valdez's counsel then argued that Valdez had not been the load guard or the captain and that he had had no financial interest in the cocaine. D-120 at 7-8. This Court overruled the objection, finding that Valdez had been an "average participant;" further elaborating: "The crew members were there hired to do a job to assist in the transportation of the cocaine from point A to point B. Each of them played an integral part in the offense necessary for the successful completion of the conspiracy." D-120 at 8. This Court determined Valdez eligible for the safety valve. *Id.* at 9; PSR ¶ 22. This Court sentenced Valdez to serve 135 months imprisonment. D-90.

Valdez directly appealed the conviction and sentence (D-96) raising the following issues:

> Whether this Court erred in denying Valdez a minor role reduction pursuant to USSG § 3B1.2(b); and,

> Whether this Court failed to consider the requisite sentencing factors set forth in 18 United States Code § 3553(a).

Valdez's initial brief at 6-8. The Eleventh Circuit affirmed the conviction and sentence. *United States v. Valdez*, No. 05-14180, 176 Fed. Appx. 20 (11th Cir. Mar.16, 2006); D- 142. Valdez did not seek further review.

Valdez then timely filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel prior to the entry of his guilty plea, at sentencing, and on direct appeal. D-CV-1 at 4-8.

Factual Background

In November 2004, a military patrol aircraft in the Pacific Ocean observed a "go fast" boat traveling at about twenty knots. Presentence Investigation Report (hereinafter "PSR") ¶ 11. The boat stopped as the aircraft proceeded to intercept it. PSR ¶ 11, 12. The boat's five crew members began throwing bales of cocaine into the water. PSR ¶ 12. Valdez was one of the five crew members. PSR ¶¶ 13, 14. Within a few minutes, the go-fast boat started traveling again. PSR ¶ 12. The aircraft signaled for the go-fast boat to stop, but the boat did not stop. PSR ¶ 12. Eventually the aircraft fired warning shots in front of the boat's bow, and the boat stopped. PSR ¶ 12. Coast Guard officers detained the crew members, none of whom admitted to being the master of the boat. PSR ¶¶ 13, 14. They also recovered the jettisoned bales of cocaine, which weighed a total of 2627 kilograms. PSR ¶ 14.

Discussion

Valdez raises under Grounds One through Four, claims that his counsel provided ineffective assistance. Those claims are cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings). However, Valdez argues in his motion under Ground One that his attorney was ineffective in that he failed to "investigate" Valdez's eligibility for the safety valve and did not object to other factors that raised his offense level; and under Ground Four, that counsel failed to "raise," "argue," or "investigate" his "mitigating role." D-CV-1 at 4, 8. These claims are not cognizable on collateral relief for the reasons discussed below.

Most courts of appeals have held that "[b]arring extraordinary circumstances," claims

3

of non-constitutional error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 motion. *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *see Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996); *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam); *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996); *Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995); *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994). *But cf. United States v. Talk*, 158 F.3d 1064, 1069  (10th Cir. 1998) (assuming without deciding that claim of nine-level Guideline error that would reduce 108-month sentence by more than fifty months is cognizable).

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *See Lynn*, 365 F.3d at 1232; *Burke*, 152 F.3d at 1331-32 (citing *Sunal v. Large,* 332 U.S. 174, 178 (1947)). Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a " 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

An allegation that a given sentence is contrary to the sentencing guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. *See Burke*, 152 F.3d at 1331-32 (collecting cases); see also *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002) (expressing doubt whether claim concerning sentencing guidelines misapplication would be cognizable

4

even if not successive).

Valdez's arguments concerning a misapplication of the sentencing guidelines are not cognizable in a section 2255 proceeding. Valdez's argument is further contradicted by the record which shows that he did receive the benefit of the safety valve. D-120 at 9; PSR ¶ 22.

Valdez argues under Ground Four, that his counsel was ineffective for failing to "raise," "argue," or "investigate" his "mitigating role." D-CV-1 at 4, 8. This role issue was raised both at sentencing and on direct appeal. Valdez is not entitled to further review of this claim, because the Eleventh Circuit already has decided it. "[O]nce a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); *see also Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).

On direct appeal, Valdez has already argued that he qualified for a minor role adjustment to his base offense level under USSG § 3B1.2(b) and under *United States v. DeVaron*, 175 F.3d 930 (11th Cir. 1999). Valdez's brief at 6-7. The Eleventh Circuit resolved the issue against him. *United States v. Valdez*, No. 05-14180, 176 Fed. Appx. 20 (11th Cir. Mar.16, 2006); D-142. In its unpublished opinion, the Eleventh Circuit stated:

> At sentencing, Valdez did not object to the factual accuracy of the presentence report. The report indicated that Valdez was one of five crew members on a boat transporting approximately 2,627 kilograms of cocaine. In addition, when the crew encountered the United States Coast Guard, all members of the crew discarded numerous bales of cocaine, which were later

> recovered. Based on these facts, the district court's finding that Valdez played a role similar to others and, therefore, failed to show that he was substantially less culpable than other participants in the conspiracy, is not clearly erroneous.

*Valdez*, 176 Fed. Appx. at *21. After the *DeVaron* analysis, the Eleventh Circuit considered Valdez's argument for a role reduction under 18 U.S.C. 3553(a) and found that this Court's consideration of the sentencing factors under section 3553(a) reasonable. *Valdez*, 176 Fed. Appx. at *21-22.

Prior resolution bars reconsideration of Valdez's claim that this Court erred in denying his request for a downward departure in light of his alleged minor role in the offense. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. *Davis v. United States*, 417 U.S. 333 (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Valdez has established no extraordinary circumstance that would justify reconsideration of this claim. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Davis v. United States*, 417 U.S. 333 (1974). Therefore, this Valdez's claim is procedurally barred.

### Ineffective Assistance of Counsel

Valdez asserts, without support, that he received ineffective assistance of counsel due to counsel's failing to argue for the safety valve application and against factors that increased his sentence (Ground One); to communicate with Valdez concerning the issues raised on direct appeal (Ground Two); to raise jurisdictional issues concerning his arrest (Ground Three); and to argue for a mitigating role at sentencing (Ground Four). D-CV-1 at 4-8. These claims are without merit for the reasons discussed below.

6

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." <u>Id.</u> at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that,

but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

**Sentencing Determinations--Grounds One and Four**

Valdez argues that his attorney was ineffective for failing to argue for the safety valve application and against factors that increased his sentence (Ground One) or to argue for a mitigating role at sentencing (Ground Four). D-CV-1 at 4, 9. Valdez has not alleged either deficient performance or prejudice. Counsel did object to the PSR and renewed his role objection at sentencing. See PSR Addendum ¶ 2; D-85; D-120 at 5-8. Valdez did receive the benefit of the safety valve. Probation determined he qualified for safety valve adjustment and Valdez's sentence was at the low end of the applicable guidelines. PSR ¶ 22; D-120 at 9. Valdez's counsel raised the role objection of which he now complains, and this Court appropriately overruled the objection. D-120 at 8. The fact that this Court overruled counsel's objection does not render him ineffective. Indeed, Valdez has not established any prejudice because this Court's ruling was reviewed and affirmed on appeal.

Valdez does not develop his claim regarding what other factor increased his sentence. Without more, this claim fails to establish a constitutional violation and is unavailing. Valdez fails to provide any details, facts or legal basis for this claim. His assertions constitute nothing more than broad conclusory allegations and are insufficient

8

to establish ineffective performance and/or resulting prejudice. Claims not fairly raised will not be entertained on collateral attack. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. *Walker,* 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Valdez fails to show deficient performance in any of the claims raised in Grounds One and Four or any resulting prejudice under *Strickland*. Therefore, these claims do not warrant relief.

### Ground Three--Failing to raise a jurisdictional issue concerning his arrest

Valdez's conclusory statement that this Court lacks subject matter jurisdiction under "domestic" or "international law" is likewise without merit. D-CV-1 at 7. His additional claim that evidence was not presented concerning this Court's jurisdiction is factually inaccurate and contradicted by the admissions he made at the plea colloquy. Moreover, his counsel did not perform deficiently by failing to litigate that the government or this Court did not have jurisdiction over the vessel he was in, because this claim lacks merit. Counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986).

9

The law in this circuit regarding jurisdictional and constitutional challenges to the Maritime Drug Law Enforcement Act (MDLEA) has already been resolved and is governed by *United States v. Tinoco*, 304 F.3d 1088, 1096-1102 (11th Cir. 2002). *See also United States v. Rendon*, 354 F.3d 1320, 1326-28 (11th Cir. 2003); *United States v. Estupinan*, 453 F.3d 1336 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1486 (2007).

In establishing the elements of the offense, the Court stated:

I think we'll now go to the point where I explain the elements and we hearing the evidence so I can find out whether there's going to be any disagreement.

In the case of Mr. Munoz Valdez, you are charged, remember, with two crimes involving cocaine, and the crime in Count 1 is proved when the government shows that two or more people somehow came to an agreement to try to violate the law. And in this case, in Count 1, the purpose was to possess with intent to distribute five kilograms or more of a substance containing cocaine.

Second, the government has to show that you, the defendant, knowing the lawful purpose of the plan, willfully joined in that conspiracy on one or more occasions.

Now, in Count 2 you're not charged with a conspiracy, but you're charged with– along with other individuals possessing with intent to distribute five kilograms or more of cocaine or a substance containing cocaine.

So the government has to show that you were on board a vessel subject to the jurisdiction of the United States and that you knowingly and willfully possessed cocaine with the intent to distribute it and that the weight of the cocaine exceeded five kilograms or more as charged.

Now, of course, with Count 1, the government also has to show for the conspiracy that you were on board a vessel which was subject to the jurisdiction of the United States.

Now, with regard to Count 2, the possession charge, someone can be guilty of possessing cocaine with the intent to distribute it if that person acts as an aider and abettor, meaning if that person helps someone else in a significant way possess that cocaine and that person helps has the intent to violation the law.

So do you understand what these legal elements are that must be shown?

D-165 at 22-23. Valdez affirmed he understood. Id. at 23. The United States read the

factual basis for the offense citing to the Notice of Essential Elements previously filed as

D-49 as follows:

> On or about November 8th of last year, 2004, the defendant, along with the other four individuals charged in the instant indictment, were on board a go-fast vessel, that is, a vessel that was without nationality or registration and, therefore, subject to the jurisdiction of the United States, in the international waters in the Caribbean basin.

> During that time period the United States Coast Guard observed the defendant and the–his co-defendants discarding numerous bales of what was later determined to be cocaine from the go-fast vessel while it was transiting in international waters.

> The Coast Guard apprehended the vessel, recovered over 2,600 kilograms of cocaine, or slightly less than three tons, and detained the crew.

> They were brought, including the defendant–the defendant and his codefendants were brought to the Middle District of Florida where they first entered the United States.

> THE COURT: Okay. And the guilty knowledge element for this defendant?

> MR. RUDDY: Your Honor, the defendant was–as indicated, on board the go-fast vessel was observed discarding the–discarding the contraband upon being observed by the United States Coast Guard.

> THE COURT: Okay. So all of the crew members did that?

> MR. RUDDY: Yes, ma'am.

Id. at 24-25. The Court asked Valdez if he heard the facts the United States had just stated,

whether Valdez disagreed with the facts, and if they were true. Id. at 25. Valdez

affirmatively responded to the inquiries and did not state an objection. Id. The Court

advised Valdez that each count of conviction carries a mandatory minimum sentence of ten

years to life imprisonment. Id. at 35. Again, Valdez said that he understood the mandatory

11

minimum, that he understood that the sentencing guidelines would be used to calculate his sentence, that he could not later withdraw his plea, that the Court could upwardly depart, and his appeal rights. Id. at 35, 37-39. In particular, the Court advised Valdez:

> [B]y pleading guilty–if you have any defense to the charge or objection as to how the evidence against you was obtained, by pleading guilty you're giving up your right to make these defenses and objections. Do you understand that, sir?

Id. at 39. Again, Valdez indicated he understood. Id. After which the Court found the plea to be knowing and voluntary. Id. at 40.

Valdez makes no claim that he ever spoke to his attorney about raising a jurisdictional challenge either in the district court or on appeal. The bare bones allegation he now raises concerning the application of federal and international law is without merit. Valdez is barred from raising a challenge to the factual basis of his plea in a section 2255 motion. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). The record shows that Valdez agreed, under oath, with the statement of the facts as presented by the United States, including the fact that the United States had jurisdiction over the him. D-165 at 24-25. Moreover, the Eleventh Circuit has already resolved the jurisdictional and constitutional challenges to the Maritime Drug Law Enforcement Act (MDLEA) by *Tinoco*, 304 F.3d at 1096-1102. *See also, Rendon*, 354 F.3d at 1326-28; *Estupinan*, 453 F.3d 1336.

The record clearly shows that Valdez's plea was knowing and voluntary and the jurisdictional basis of the indictment was explained to him as part of the plea process. Nothing in the record establishes that counsel failed to meet his obligations as applied to the plea and appellate process, and Valdez fails to show any deficient performance in this ground or any resulting prejudice. Thus, Valdez's claim under Ground Three fails to meet

the *Strickland* standard and does not warrant relief.

**Appellate Issues–Ground Two**

Valdez claims counsel failed to "communicate" with him or "provide notice" concerning the issues raised in his appeal. D-CV-1 at 5. Valdez contends that his counsel failed to communicate with him when he was preparing Valdez's brief on appeal, but he fails to identify any specific deficiencies in the brief that his counsel filed  on his behalf on appeal. This claim is facially insufficient to merit relief. See Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also, Clark v. United States,* No. 4:04-cv-52, 2006 WL 3511148 at *11 (E.D. Tenn. 2006). Valdez has not alleged any other ground that counsel should have raised on appeal, nor has he established that any other ground would have been meritorious. In addition, those issues preserved for appeal appear to have raised. Consequently, Valdez has not shown deficient performance on the part of counsel or that he sustained prejudice. This claim, too, does not warrant relief.

Based on his motion and the record now before this Court, Valdez has not established any entitlement to relief based on ineffective assistance of counsel. Throughout his motion, Valdez has failed to show any deficient performance by his counsel or any resulting prejudice under *Strickland*.

Accordingly, the Court orders:

That Valdez's motion to vacate (D-CV-1, D-161) is denied.  The Clerk is directed to enter judgment against Valdez in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 10, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  James C. Preston, Jr.
Francisco Munoz Valdez